Daiíibe, Judge,
 

 after stating the will and facts as above set forth, proceeded: — if a legacy is given to a person, when that person and ves at the age of twenty-one, it is a contingent legacy,' and if the legatee dies before that time, the legacy is lapsed. If the question now rested on the construction of the first clause in the will, relative to the two legacies to
 
 Sally Jinn
 
 and
 
 Barsheba Miller,
 
 it would be very clear that the plaintiff could not recover, as it appears that
 
 Sally Jinn
 
 died before she arrived at lawful age. The testator, however, may prevent the legacy from lapsing ; but to do so, he must not only declare his intention to that effect, but he must likewise mention the person who is to take it. In the second clause in the will, concerning these two legacies, the testator expressly declares that if either of his granddaughters should die before she arrived to the age of twenty-one, or married, her legacy should go to the survivor. lie further declares that the legacies shall not come to her estate, or to his residuary legatees, until both his grand-daughters shall have died, under age and unmarried. The arrival to lawful age, or marriage of either of the two grand-daughters, were the contingencies upon which the legacies vested. If either of the events occurred, the legacy was no longer contingent, but then became a vested legacy. After the marriage of
 
 Sally Jinn,
 
 and her death before twenty-one, the legacy could not, by the express declaration of the testator, go to the survivor, nor could it come to the testator’s estate, but upon the event of both contingencies failing. Where was it then to go? The answer is plain. It became vested in
 
 Sally Ann
 
 on her marriage, and on her death, it went to the plaintiff, as her administrator. Although the legacy became vested on the marriage of
 
 Sally Ann Miller,
 
 yet we think it was not payable until the time she would have arrived at the age of twenty-one years,
 
 *368
 
 ¡f she had lived; and therefore no interest is allowed Upon it, un.til after that time.
 

 Fee Cueiam. — Decebe eoe plaintiff.